IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREG ALEWEL, On Behalf of
Himself and All Others
Similarly Situated,

     Plaintiff

 vs.           Case No. 13-2312-SAC

DEX ONE SERVICE, INC.,

     Defendant.

MEMORANDUM AND ORDER

  The plaintiff Greg Alewel worked approximately two years, April of 2011 through April 2013, as a telephone-marketing consultant at Dex One Service, Inc.'s ("Dex") call center in Overland Park, Kansas. (Dk. 1). He filed a complaint on June 26, 2103, on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b), alleging the defendant Dex violated the Fair Labor Standards Act ("FLSA") in failing to pay certain overtime compensation. Indicating that they have negotiated a settlement, the parties have filed a joint motion for leave to file their settlement agreement and release under seal (Dk. 18) and a joint motion for approval of settlement agreement (Dk. 19). For the reasons stated below, the court denies both motions at this time.

  The joint motion to seal argues several grounds for relief. First, their settlement agreement is confidential, and settlement agreements "are

ordinarily confidential." (Dk. 18, p. 2). Confidentiality serves to encourage settlement, to avoid "copycat litigation" and the use of more court and litigant resources, and to protect the parties' respective privacy interests. In balancing the different considerations, the parties characterize the settlement agreement as impacting only the FLSA rights of Alewel and not the FLSA rights of any other employees. The parties represent that confidentiality plays a significant role in their decision to settle and is a term of their settlement agreement. The public disclosure of the settlement agreement would encourage copycat suits or frivolous litigation against the defendant and would expose "confidential financial information" regarding the plaintiff. (Dk. 18, p. 3). The parties regard the public as having "no meaningful and substantial interest" in learning the particular terms of their settlement and regard their concerns and interests to outweigh the public's.

In support of their position, the parties represent that "[t]his Court recently granted a motion to seal/review in camera" in two FLSA cases and cite the docket numbers in two cases from the same federal chambers in the District of Kansas. For the first case, the parties cite the docket number of an order that did not grant a motion to seal but did indicate it had made an in camera review. In that case, there is no order filed that discussed granting a motion to seal or the reasons for doing it. In the second FLSA case, involving the same defendant as the instant case and the filing of a joint motion for leave to file settlement agreement under seal that is nearly

2

identical to the motion here, the court granted the joint to motion to seal for "good cause shown" in a single-sentence order. While these cited FLSA cases may evidence a practice within a single chambers, they do not necessarily demonstrate the practice within the entire District of Kansas. Moreover, they certainly do not offer any rationale or reasoning for granting the parties' joint motion. This is not to say that such federal district decisions discussing the merits of this issue do not exist in the District of Kansas, as they do, but the parties have chosen not to cite them.

In two different FLSA cases, a federal district court judge in the District of Kansas filed written decisions that are available on the internet and that discuss the reasons for denying the parties' efforts to keep settlement information out of the public forum either through a request for in camera review or by a motion to seal. *Gambrell v. Weber Carpet, Inc.*, 2011 WL 3518172 (D. Kan. 2011); *McCaffrey v. Mortgage Sources, Corp.*, 2010 WL 4024065 (D. Kan. 2010). Each decision emphasizes the public's right of access to judicial records as serving "the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest." *Gambrell*, 2011 WL 3518172 at *1; *McCaffrey*, 2010 WL 4024065 at *1. After reiterating that the sealing of documents is reserved for factual grounds, not "unsupported hypothesis or conjecture," the court concluded in both cases that the public's interest in understanding disputes and trusting

courts as fairly and honestly run "outweighs any interest of the parties in keeping confidential the amount of settlement." *Gambrell*, 2011 WL 3518172 at *1-*2; *McCaffrey*, 2010 WL 4024065 at *1-*2.

The parties' joint motion cites thirteen unpublished federal district court orders or decisions from other districts. Of those cited, the court reviewed those for which the parties provided an internet citation and did not find a single decision which expressly discussed and balanced the factors relevant in deciding whether to seal judicial filings. The cited orders show, at most, the judicial authority to seal FLSA settlement documentation, but they do not offer any meaningful guidance on when this authority should be exercised. Indeed, the only factor mentioned in these decisions is that the parties regard the filings as confidential. These decisions have little persuasive value in this district. For as this order will discuss later, the sealing of records based solely on confidentiality grounds is not a practice condoned in this district. For that matter, motions to seal are often jointly filed and frequently unopposed, so it falls to the court to *sua sponte* raise and consider the public interest implicated. *Partminer Worldwide Inc. v. Siliconexpert Technologies Inc.*, 2010 WL 502718 at *6, n.6 (D. Colo. 2010).

The parties recognized in their joint motion that their settlement of the FLSA claim for unpaid wages is subject to judicial approval:

> The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981). Recognizing that there are often great

4

> inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight System*, *supra* at 1445 (citations omitted).
>      . . . .
> When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114; *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947).

*Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (footnotes omitted); *see Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013); *Grove v. ZW Tech, Inc.*, 2012 WL 1789100, at *2 (D. Kan. 2012). Thus, the district court scrutinizes a proposed FLSA settlement looking for a bona fide dispute and a resolution that is fair and equitable to all concerned. *Id*. While acknowledging this requirement of judicial approval, the parties insist their general interests in confidentiality are more than enough to outweigh the public's right of access to the settlement agreement. In discussing this issue, the courts, however, have characterized FLSA settlements as more than mere confidential papers and in the nature of judicial documents with a considerable presumption in favor of public access:

> Although in many—if not most—cases, a settlement agreement would not qualify as a "judicial document," settlement agreements in FLSA cases are different because of the requirement for judicial approval. That is, an agreement settling an FLSA claim that is submitted for court approval is indisputably a document that is "relevant to the performance of the judicial function and useful in the judicial process," and thus a "judicial document" subject to the presumption of access. *Lugosch* [*v. Pyramid Co. of Onondaga*,] 435 F.3d [110] at 119 [(2nd Cir. 2006)](internal quotation marks omitted); *see also, e.g.*, *Curasi v. Hub Enters., Inc.*, No. 11–CV–2620 (JS)(GRB), 2012 WL 728491, at *1 (E.D.N.Y. Mar. 5, 2012) (noting that "because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies"); *Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 Civ. 6519(PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) (explaining that "[a]ny document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies") (citing *Lugosch*, 435 F.3d at 119–20). Further, insofar as such an agreement goes to the heart of the matter being adjudicated—and implicates the underlying policies of the FLSA—the presumption of public access that attaches to judicial documents is at its strongest. *See, e.g.*, [*U.S. v.*] *Amodeo*, 71 F.3d [1044] at 1049 [(2nd Cir. 1995)](explaining that the strength of the presumption varies "on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance"); *see also, e.g.*, *Tran v. Thai*, Civil Action No. H–08–3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) ("The presumption of public access to settlements of FLSA actions is particularly strong.... Absent an extraordinary reason, the court cannot seal such records.") (internal quotation marks omitted); *accord Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003).

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337-38 (S.D.N.Y. 2012); *see, e.g.*, *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010); *In re Seppracor Inc. Fair Labor Standards Act (FLSA) Litigation*, 2009 WL 3253947 at *1 (D. Ariz. 2009); *Nichols v. Dollar Tree Stores, Inc.*, 2013 WL 5933991 at *1 (M.D. Ga. 2013) (and cases cited in each).

Because the common-law right to access judicial records is not absolute, a court "in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation marks and citation omitted). "This right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." *Lanphere v. Urbaniak v. Colorado, State of*, 21 F.3d 1508, 1511 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 513 U.S. 1044 (1994). The public's interest in these settings includes "the general interest in understanding disputes that are presented to a public forum for resolution" and the "public's interest in assuring that the courts are fairly run and judges are honest." *Crystal Grower's Corp. v. Dobbins*, 616 F. 2d 458, 461 (10th Cir. 1980); *see Bullard v. Goodyear Tire and Rubber Company*, 2011 WL 5248085 at *2 (D. Kan. 2011). The court's discretionary weighing of interests works from the premise that the public's interests "are presumptively paramount against those advanced by the parties." *Helm*, 656 F.3d at 1292 (internal quotation marks and citation omitted). "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)

The party's agreement over what matters are confidential in character and any ensuing protective order do not limit a court's "authority

to decide whether the parties may file documents under seal." *Helm*, 656 F.3d at 1292. Instead, the burden remains with the parties to "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id*; *see Colony Ins. Co.*, 698 F.3d at 1241 ("[W]e are not convinced, in this particular case, that the parties' interests in keeping the terms of their agreements confidential outweighs the public interest in access, particularly in light of the centrality of these documents to the adjudication of this case."); *New Jersey and its Div. of Inv. v. Sprint Corp.*, 2010 WL 5416837 at *2 (D. Kan. 2010) ("The fact that the exhibits are 'confidential' within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record."). For that matter, "[t]he existence of a confidentiality provision [in a FLSA settlement agreement], without more, does not constitute good cause, let alone a compelling reason, to seal." *Luo v. Zynga Inc.*, 2013 WL 5814763, at *3 (N.D.Cal. 2013) (citing in part, *see e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136–38 (9th Cir. 2003)); *see Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647-48 (S.D.N.Y. 2011) (courts have "roundly rejected" this confidentiality in the FLSA settlement agreement as sufficient justification. (citations omitted)). Indeed, some courts have held that confidentiality clauses in FLSA settlement agreements are contrary to the FLSA's goals and policy of transparency and frustrate public and private enforcement efforts. *Carpenter*

*v. Colonial Mgmt. Group, LP*, 2012 WL 2992490 at *2 (D. Md. 2012); *Galvez v. Americlean Servs. Corp.*, 2012 WL 1715689 at *4 (E.D. Va. 2012) (and cases cited therein).

The parties here have failed to articulate substantial interests recognized by legal authority and to support those interests with facts showing them to be real and not mere conjecture. There are no arguments based on the confidentiality of trade secrets or comparably sensitive business or financial information or on documents covered by a privilege, such as the attorney-client privilege. *Swarthout v. Ryla Teleservices, Inc.*, 2012 WL 5361756, at *2 (N.D. Ind. 2012) (and cases cited therein); *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing . . . exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The court agrees with other courts in finding that the public's interest outweighs the parties' interest in keeping confidential the amount of settlement. *See, e.g., Gambrell*, 2011 WL 3518172 at *1 (D. Kan. 2011) (and cases cited therein). For that matter, it is not enough to justify sealing that disclosure "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation." *Kamakana*, 447 F.3d at 1179

(citation omitted); *see, e.g.*, *In re Fort Totten Metrorail Cases*, ---F. Supp. 2d---, 2013 WL 4026840 at *6 (D.D.C. 2013); *LDM Group, LLC v. Akers*, 2013 WL 1316420 at *10 (E.D. Mo. 2013); *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, 2013 WL 1212818 (M.D. Fla. 2013).

The court will follow the decisions within this district and deny the parties' request to seal the FLSA settlement agreement when presented with only generic confidentiality concerns. *See Gambrell v. Weber Carpet, Inc.*, 2011 WL 3518172 (D. Kan. 2011); *McCaffrey v. Mortgage Sources, Corp.*, 2010 WL 4024065 (D. Kan. 2010). The court's research has revealed numerous decisions from other jurisdictions that have refused to seal FLSA settlement agreements after discussing and balancing the respective interests. *See, e.g. See Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 646–48 (S.D.N.Y.2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone, Inc.*, No. 11–cv–0802, 2011 WL 3880463, at *2 (D.Md. Aug. 30, 2011) (vast majority of recent cases addressing this issue apply the presumption of public access to FLSA settlements) (and cases cited in each).

The parties' settlement agreement includes a clause anticipating the possibility that their joint motion to seal could be denied: "Provided,

however, in the event that the District Court does not approve the parties' Joint Motion to submit this settlement under seal, the subsequent filing of this Agreement with the Court shall not constitute a breach by Alewel of his obligations in this paragraph of the Agreement." Nonetheless, because confidentiality remains a central term of the parties' settlement and the court is denying their motion to file the settlement agreement under seal, the court will give the parties the option of withdrawing from this settlement agreement or proceeding with the settlement per this agreement and filing it in the public judicial record. The parties shall have until January 13, 2014, to notify the court of their intentions and to file the unsealed settlement agreement by that date. Once the parties have presented properly all matters to the court, the court will address the joint motion for approval of settlement agreement.

IT IS THEREFORE ORDERED that the parties' joint motion for leave to file their settlement agreement and release under seal (Dk. 18) is denied, and the parties shall have until January 13, 2014, to file a notice of withdrawal from settlement and intent proceed with case, or to file an unsealed settlement agreement along with a notice requesting the court to grant their joint motion for approval of settlement agreement (Dk. 19).

Dated this 30th day of December, 2013, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge