IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREG ALEWEL, On Behalf of
Himself and All Others
Similarly Situated,

    Plaintiff

 vs.            Case No. 13-2312-SAC

DEX ONE SERVICE, INC.,

    Defendant.

MEMORANDUM AND ORDER

  The plaintiff Greg Alewel filed a collective action complaint on behalf of himself and others similarly situated for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* After informally exchanging relevant information, regularly communicating their respective positions, and engaging in settlement negotiations, the parties reached a settlement of the plaintiff's individual claims. Under the FLSA, settlement agreements and the attorneys' fee awards are subject to the court's approval. Thus, the parties have filed an "Amended Joint Motion for Approval of Settlement Agreement," (Dk. 22), and the plaintiff has filed an "Unopposed Motion for Attorneys' Fees (Dk. 21) as recently supplemented with the necessary lodestar analysis (Dk. 24). For the reasons stated here, the court grants both motions.

Arising from his former employment as a telephone marketing consultant at the defendant Dex One Service, Inc.'s location in Overland Park, Kansas, the plaintiff filed an FLSA claim alleging overtime compensation for the time he spent at home reviewing work-related materials in preparation for a test required as a condition of his employment. During a five-month period, the parties informally exchanged discovery relevant to the claims and defenses and engaged in settlement negotiations. They have reached a settlement in which the plaintiff, for his current claim of approximately 501 overtime hours, he will receive unpaid wages and liquidated damages totaling $31,875.00, plus attorneys' fees and costs in the amount of $10,625.00.

The court's review of the settlement is guided by the following:

> When employees sue their employer to recover overtime compensation under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. *Gambrell v. Weber Carptet, Inc.*, No. 12-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). If the settlement reflects a reasonable compromise of issues actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id.* at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1354): *McCaffrey* [*v. Mortg. Sources, Corp.*,] 2011 WL 32436, at *3 [(D. Kan. Jan. 5, 2011)].
> To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. *See McCaffrey*, 2011 WL 32436, at *2.

*Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *2-*3 (D. Kan. Oct. 15, 2012).

The court has carefully read and considered all of the details provided in the parties' amended joint motion for approval of the settlement. The court concludes bona fide disputes exist over many factual issues, including whether the plaintiff did work off the clock, and over several significant factual and legal issues, including whether any time spent reviewing materials is compensable based on the defendant's denial that it had required the review time or had made it a condition of employment. Employing the various factors laid out in the *Grove* decision, the court finds that the settlement is fair, reasonable and equitable. There are serious and involved questions of law and fact in dispute, and this litigation poses substantial risks and difficulties in the parties' presentations of their respective positions on this problematic "off-the-clock" claim. The court is satisfied that the settlement agreement is not the result of collusion or fraud, but it is the product of protracted arms-length negotiations between experienced and knowledgeable attorneys over a bona fide dispute. Both sides candidly admit the extreme difficulty in proving and defending "off-the-clock" cases and the significant costs involved in preparing and presenting such cases. In light of the risks, costs, and the serious issues in dispute, the court finds that the settlement agreement represents a fair and equitable resolution of the FLSA claims and is in the best interest of the parties.

The parties' amended joint motion lays out the length of the plaintiff's employment, his rate of pay, and his adjusted estimate of claimed

overtime hours. The plaintiff more accurately calculated his claimed overtime from a review of time and leave records and the company policies. The court finds that the settlement amount of $31,875.00 is reasonable and compensates, fairly and fully, the plaintiff on his overtime claim along with liquidated damages for the entire period of his employment.

As for the approval of the attorneys' fees and costs, the plaintiff proposes the court may use either method the "percentage of the fund" or lodestar method. The court will rely on the latter method because the plaintiff has not shown this case to qualify for the former and because the lodestar analysis remains the primary determination of reasonableness. The FLSA requires that settlement agreements include an award of "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b). The plaintiff's supplement to his unopposed motion for attorneys' fees shows the lodestar calculation to be $10,739.50 and just exceeding the requested amount of $10,625.00. The court has reviewed the billing records and the hourly rates as supported by evidence of customary fees charged in the relevant market. The court finds that the requested hourly rates and the number of billed hours are reasonable and acceptable. The court likewise has considered the plaintiff's supplement that identifies and discusses the circumstances relevant under each of the *Johnson* factors. *Grove*, 2012 WL 4867226 at *5 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir.

1995)). This case involved the factually complicated "off-the-clock" claims that are difficult to prove. The plaintiff's counsel has demonstrated his expertise and experience in these matters, and he assumed a substantial risk in taking this matter on a contingency basis. The court finds that the fee award in this case is not out of line with the awards in similar FLSA cases. For these reasons and substantially for the reasons stated in the parties' motions, amended motion and supplement, the court sustains the parties' motions for approval of the settlement, fees and costs.

The parties' agreed proposed order also includes the following paragraph which is incorporated here. Plaintiff shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against Defendant as set forth in the Agreement and related settlement documents, including but not limited to any action for unpaid wages and/or liquidated damages against Defendant under the FLSA.

IT IS THEREFORE ORDERED that the parties' joint motion for approval of settlement agreement (Dk. 19) and their amended joint motion for approval of settlement agreement (Dk. 22) is granted;

IT IS FURTHER ORDERED that the plaintiff's unopposed motion for attorneys' fees (Dk. 21) as recently supplemented with the necessary lodestar analysis (Dk. 24) is granted;

IT IS FURTHER ORDERED that this matter is hereby dismissed with prejudice, subject to the court's jurisdiction retained regarding the settlement agreement and the parties' compliance with the same.

Dated this 7th day of February, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge